## APPEAL OF W. M. SINCLAIR.

APPEAL FROM THE ORPHANS' COURT OF LUZERNE COUNTY.

Argued April 13, 1887—Decided May 9, 1887. ·

A testator in his will made in 1885 provided : "It is my will and I do order that the balance due my old creditors whose claims were compromised be paid in full."   He had failed in 1877 and in 1883 had made a compromise with his creditors.   Held,

That under this provision of the will, the balance due to which those creditors were entitled, embraced a computation of interest upon their original claims treating the composition payments as partial payments at date when made.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.
No. 239 January Term 1887, Sup. Ct.

This was an appeal by W. M. Sinclair from a decree of the

Statement of Facts.

Orphans' Court of Luzerne county, confirming the report of the auditing judge distributing the balance found to be in the hands of the executors of William E. Hance, deceased.

Prior to November, 1877, William E. Hance was a merchant doing business in the borough of Plymouth, Luzerne county, Penna. About that time he failed, owing (among others) W. M. Sinclair the sum of $650.01, for which suit was brought and judgment obtained January 14, 1878, for $659.55, with $8.62 costs. In the year 1883 Hance compromised with his creditors for about 25 per cent. of their respective claims, which was received in full satisfaction of debts, interest and costs. Sinclair entered satisfaction of his judgment June 30, 1883, having received $179.54.

Mr. Hance never married; and on May 4, 1885, he died, leaving a will in which he provided, *inter alia*, as follows:

It is my will, and I do order that all my just debts and funeral expenses be duly paid and satisfied as soon as conveniently can be after my decease. . . . . It is my will and I do order that the balance due my old creditors whose claims were compromised be paid in full. It is my will that the residue of my estate go to my brother, Edwin A. Hance.

On settlement of the accounts of his executors the balance of the estate for distribution amounted to $22,134.70.

The claim of W. M. Sinclair was presented to the auditing judge for allowance, payment in full of the judgment, with interest and costs, less the sum of $179.54 paid by Hance at the compromise, being demanded. The executors contended that the claimant was entitled to receive only 75 per cent. of the original debt, to wit: $487.50 without interest, having been paid 25 per cent. under the compromise settlement. The court in making distribution to Sinclair's judgment added the debt and costs as they appear on the record, to wit: $659.55 and $8.62 costs, making a total of $668.17, from which was deducted the sum of $179.54, the amount paid by way of compromise, leaving a balance of $488.63, upon which interest was allowed from June 30, 1883, the date of compromise, making amount with interest of $566.81 payable out of the fund.

To the distribution reported exceptions were filed on behalf of Mr. Sinclair and others which exceptions were dismissed by the court after an opinion :—

We do not see any good reason for disturbing our finding of law as to any matter of interest. It is not all of the testator's creditors who are to be paid, but those "whose claims were compromised;" and it was not all of the debt which was to be paid, but the "balance," and this balance was to be paid "in full." The balance it seems to us can only refer to the portion ascertained and remaining unpaid when the compromise was effected.

The settlement-compromise ascertained the amount, as well as the persons who are to have the legacy. We have a list of the persons and the balance due them in the handwriting of the testator and our finding corresponds with the list and fills the whole letter and spirit of the will.

The bequest is not to be ascertained as the renewal and confession of any legal obligation. It is a gift and the old account is only to be regarded as a means of ascertaining the amount of the same.

In Tait v. Lord Northwick, 4 Vesey 816; 3 Jarman Wills, 446, Am. ed., 1881; it was held that a direction to pay such debts as the testator should at the time of his death owe by mortgage, bond or other specialty or by simple contract however, and all interest thereof, should be limited as respects interest, to debts which were bearing interest.

In Graham v. Keys, 29 Penn. St. 189, the amount recovered was governed by the admissions of the debtor, and interest was refused between the time of the admission and the time of suit brought because that was the time when the creditor accepted the proposition. These cases are cited to show that a gift or the acknowledgment of a debt barred by the statute of limitations, does not carry interest regardless of the intent of the donor as expressly declared. Debts bear interest by way of damages for non-payment of them when due, while in this case there is no obligation to be inferred by law.

It was answered on the argument that the testator must have recognized a moral duty to pay all his debts with interest. This cannot be so for he has only selected a portion, a certain class of them. For the same reason he may have been prompted to limit the gift to them of the balance unpaid by him in his lifetime. [No mention was made of interest, none was demanded, none was compromised, none is found on the

list of creditors presented, none is mentioned in the will, and we have given what we consider full force to the words "in full."] [1] . . . . .

All of the exceptions are therefore dismissed and the report of audit is confirmed absolutely.—

A decree of distribution was made in accordance with the adjudication; whereupon W. M. Sinclair took this appeal, assigning as error the ruling of the court, as contained in that portion of the opinion included in [ ] [1], and the finding that the legacy to the appellant was only 75 per cent. of his book account with interest thereon from the date of compromise to the date of audit.

*Mr. Wm. R. Gibbons* and *Mr. Wm. S. McLean* for the appellant:

Hance was under no legal liability to pay these debts of which advantage could be taken; but by his will he recognized the moral obligation, and placed the legal liability upon his executors to pay the balance *in full*, leaving the court to determine what that balance may be.

The most reasonable presumption is, that the testator intended that his creditors should receive whatever they were entitled to, just as if no compromise had been made, treating the sums paid by him as payments on account. In that view of the case the sum due is $782.47.

*Mr. Edmund G. Butler*, for Edwin A. Hance, appellee:

What the testator did was to make a gift or legacy of the balance, to wit: 75 per cent. of the principal remaining unpaid after the compromise in 1883. After the satisfaction in full, interest was no longer an incident to the debt and at the time of the testator's death no interest was due ; the interest, therefore, should not be taken into account.

OPINION, MR. JUSTICE CLARK:

William E. Hance, the testator, was in his lifetime engaged in mercantile pursuits at Plymouth, Luzerne county. He failed financially in November, 1877, and in the year 1883 compromised with his creditors, paying twenty-five per cent. for a release of their respective claims. W. M. Sinclair, one

of his creditors, had on the 14th January, 1878, obtained a judgment against him in the Common Pleas of Luzerne county for debt in $659.55 with $8.62 cost. On the 30th June, 1883, this claim was compromised, Sinclair accepting $179.54 " in full satisfaction of the judgment, debt, interest, and costs," this sum being slightly in excess of twenty-five per cent. of the original debt.

On the 4th May, 1885, Hance, having previously made his last will and testament in writing, died, unmarried and without issue. By his will, which was duly probated, he provided, *inter alia*, as follows : " It is my will and I do order, that the balance due my old creditors, whose claims were compromised, be paid in full. It is my will, that the residue of my estate go to my brother, Edwin A. Hance," etc. The settlement of his estate shows a balance in the hands of the executors, of $22,134.70.

In the distribution the Sinclair judgment was presented to the auditor for allowance, under that clause of the will above quoted. The auditor deducted $179.54; computed interest from 30th June, 1883, the date of the compromise, and awarded Sinclair $566.81 in full of the balance due to him.

The appellant contends that, under the terms of the will, the interest ought to have been computed from the date of the rendition of the judgment, 14th January, 1878, to the 30th June, 1883, the date of the compromise, and that the $179.54 then paid, should be treated as a partial payment and the balance ascertained accordingly.

It is true that the provision for Sinclair as one of his " old creditors " is to be regarded as a legacy to him. The compromise having been fully executed, Hance was legally discharged from all liability to Sinclair ; the original debt was merged in the judgment and the judgment was satisfied. In a legal sense, therefore, there was nothing " due " Sinclair ; the debt had been discharged ; and the interest, as incident to the debt, ceased to accrue when the debt was extinguished. But, in a less restricted and more popular sense, that may be said to be due which in justice and propriety ought to be paid. When the testator directed that " the balance due his old creditors whose claims were compromised " should be paid, he of course did not mean the balance which was legally due

Opinion of the Court.

to them, for that would be to give the provision no effect whatever. He meant that his executors should pay to them the balance which was justly due and ought to be paid to them respectively, although there was no legal obligation resting upon him for payment thereof, either debt or interest. But if the creditors ought in justice to receive the debt, it is alike just that they should receive the interest; the latter was "due" in the same sense as the former; the payment of the balance due includes both; yet the money, to which Sinclair is entitled under the will, is neither debt nor interest. It is a legacy the amount of which however is to be computed upon the footing of his previous claims.

We discover no intention of the testator that the balance was to be of the principal only, or of the principal and part of the interest. The testator's intention is to be gathered from the words of the will; there is no obscurity, repugnancy, nor ambiguity in the language of the will which calls for explanation; nor is the intent defectively stated, and the intention, thus clearly expressed, must be carried into effect. That the compromise was computed upon the debt alone, and that a schedule of the debt of each claim was entered in the testator's book, is of little consequence. These extraneous circumstances cannot affect the plain expression of his will that the " claims of his old creditors " should be paid " in full."

The compromise was of the " debt, interest, and costs "; the testator's plain direction is that the " balance due " upon the " claims " shall be paid " in full," and we understand this to be in full of the balance of the debt, interest, and costs.

> The decree of the Orphans' Court is reversed, and the record is remitted, in order that distribution may be made in accordance with this opinion.