# Edwin A. Hance's Appeal.

---

## Hance's Estate.

Where a testator who has failed in business and compromised with some of his creditors directs: "It is my will and I do order that the balance due my old creditors, whose claims were compromised, be paid in full," the creditors are entitled as legatees to their original principal debt, with interest from the date due, less the amount paid upon the compromise, with interest from its date.

(Argued April 13, 1887.  Decided May 9, 1887.).

January Term, 1887, No. 374, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Appeal from a decree of the Orphans' Court of Luzerne County directing distribution of a decedent's estate.  Affirmed.

The principal facts as they appeared at the audit of the first account of the executors of William E. Hance, deceased, before RHONE, P. J., are stated in the opinion in Sinclair's Appeal, 116 Pa. 316, 9 Atl. 637.

The appellant, the residuary legatee, assigned as error the action of the court below in allowing any interest whatever on the legacies or gifts to the creditors whose claims had been compromised.

*Edmund G. Butler,* for appellant.—What these creditors get under this will is a gift, a bequest, a legacy, and the court below has so found.

Primarily interest was in the nature of damages imposed for the nonfulfilment of a contract; now interest is either reserved

NOTE.—See Githen's Appeal, *post,* 490; Sinclair's Appeal, 116 Pa. 316, 19 W. N. C. 432, 9 Atl. 637.

by contract or is the penalty for nonperformance of a contract, or for the nonpayment of a debt at the day it becomes due.

A plaintiff may remit a part or the whole of the interest due on his claim, so as to bring the case within the jurisdiction of a justice of the peace; but he may not so remit a part of the principal.

Interest is but an incident of the debt.

Interest is not ordinarily allowed on legacies until after the lapse of one year. The executors did not delay filing their account; on the contrary, they presented their inventory and account at the earliest possible moment, and the audit was held and the final decree entered within a year from the death of decedent and the granting of letters testamentary. They advanced the final distribution as rapidly as possible under the rules of the court.

There being no contract between the testator and these claimants, interest is in no way recoverable.

At the time the settlements were made between the testator and his creditors, interest was not calculated; but the settlements were all made without interest and upon the sole basis of the principal.

It is clear that a trust to pay or charge off debts does not make simple contracts carry interest or revive a debt which has been barred by the statute of limitations; though the contrary to both of these propositions has been heretofore maintained. In Tait v. Northwick, 4 Ves. Jr. 816, Lord LOUGHBOROUGH held that a direction to pay such debts as the testator, at the time of his death, by mortgage, bond, or other specialty, or by simple contract or otherwise, owed, and all interest thereof, was confined, in respect to the interest, to debts which carried interest. 3 Jarman, Wills, 445, 446, ed. 1881.

*F. C. Sturges* for appellee.

OPINION BY MR. JUSTICE CLARK:

The decree of the Orphans' Court is affirmed and the appeal dismissed, at the cost of the appellant, for reasons set forth in the opinion filed in Sinclair's Appeal, 116 Pa. 316, 9 Atl. 637, from same decree.