# Appeal of B. Githens et al.

## Hance's Estate.

A testator, who failed in business in 1877 and compromised with some of his creditors, died in 1885 unmarried and without issue, and by his will directed: "It is my will and I do order that the balance due my old creditors, whose claims were compromised, be paid in full." *Held,* that a creditor upon a book account due in 1878 and compromised in 1883 was entitled to receive from the estate the amount of the book account with interest from the time it was due, less the amount paid upon the compromise with interest from its date, which was to be credited as a partial payment.

(Argued April 13, 1887.   Decided May 9, 1887.)

January Term, 1887, No. 345, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Appeal from a decree of the Orphans' Court of Luzerne County directing distribution of a decedent's estate.   Reversed.

The principal facts as they appeared at the audit of the first account of the executors of William E. Hance, deceased, before RHONE, P. J., are stated in the opinion in Sinclair's Appeal, 116 Pa. 316, 9 Atl. 637.

The appellant's claim was for a book account of $576.76, with interest from March, 1878, less $144.19, the amount received in compromise in July, 1883, with interest from that date. The court refused the interest between the two dates, and this was assigned as error.

*F. C. Sturges,* for appellants.—The word "balance" in its general sense means the remainder; and what the testator intended the "old creditors" to have was the remainder of their claims; and the allowance of interest necessarily follows, if any effect is to be given to the words "in full."

All the circumstances surrounding the case point to this construction: he had compromised once with his creditors and did not want to make a second compromise.

NOTE.—The decision in this case is based on Sinclair's Appeal, 116 Pa. 316, 19 W. N. C. 432, 9 Atl. 637, which was followed in Knauss's Estate, 148 Pa. 265, 23 Atl. 894.

In construing the will as between the appellants and the residuary legatee, it is to be presumed that the appellants are the favorites with the testator.    McFarland's Appeal, 37 Pa. 300; Wilson v. McKeehan, 53 Pa. 79; Grim's Appeal, 89 Pa. 333.

To determine our right to interest for the year immediately succeeding the death of the testator it becomes important to ascertain whether we are creditors, or whether we are legatees.

Notwithstanding the compromise and settlement in 1883, there still existed the moral obligation to pay the balance, and we think it such an obligation as would support a promise or direction to pay.    While the courts of some of the states have made a distinction between a settlement and a discharge by the act of the parties, and one by the act of the law, that distinction does not appear to exist in Pennsylvania.    Willing v. Peters, 12 Serg. & R. 177.

A new promise after a discharge in bankruptcy restores the original indebtedness, with interest.    Huffman v. Johns, 3 Sad. Rep. 469.

A moral obligation was held sufficient to support an assumption to pay a debt barred by a report of county auditors, which was filed and had become a judgment.    Stebbins v. Crawford County, 92 Pa. 289, 37 Am. Rep. 687; Hemphill v. McClimans, 24 Pa. 367; Bush v. Stowell, 71 Pa. 211, 10 Am. Rep. 694; Watson v. Stem, 76 Pa. 121.

A legacy is defined to be a gift of personal property by will, something without consideration.

When the testator settled with the appellants in the year 1883, paying them an amount equal to 25 per cent of the original indebtedness, he was owing them about 30 per cent interest, in addition to the principal; and in the absence of any positive agreement that this payment of 25 per cent was upon the debt, the law would apply it to the interest, leaving as the balance due the entire principal, and not 75 per cent of it.    Spires v. Hamot, 8 Watts & S. 17; Moore v. Kiff, 78 Pa. 98.

*Edmund G. Butler,* for appellee.—It is true that "balance" in its general sense means the "remainder," "what is left." How do we arrive at that balance?    How can we in this case? If we accept the theory of the appellants, two calculations then become necessary: first, to ascertain a basis upon which another sum may be ascertained, to wit, the amount left unpaid the

appellants after the payment of the $144.19 on July 11, 1883, *viz.*, $432.57. What is the proper designation of this amount? "Balance," "remainder," "what is left over," we think, expressly stated that item; but the appellants say no. That to that must be added interest from March 1, 1878.

It is true that in construing a will the first legatee is the favorite of the testator, and the appellants are legatees.

General legacies bequeathed to creditors, whose debts have been previously liquidated by compromise at less than their real amounts are merely voluntary, and therefore not exempt from abatement together with other general legacies upon a deficiency of assets. 2 Wms. Exrs. foot p. 366, ed. 1877.

Where a firm failed, and compromised with their creditors, one of the firm became successful thereafter and provided in his will for the payment of the debts thus compromised. And the court held that this was a legacy, and as such was subject to legacy duty. 7 De G. M. & G. 428.

OPINION BY MR. JUSTICE CLARK:

The decree of the Orphans' Court is reversed and the record remitted, in order that distribution may be made in accordance with the opinion of this court filed in Sinclair's Appeal, 116 Pa. 316, 9 Atl. 637, with which this case was argued.